## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**KENNETH RAY ODEN**                                                            **PETITIONER**
**ADC# 89769**

**VS.**                          **NO. 5:09-CV-00102-JLH-BD**

**LARRY NORRIS, Director,**
**Arkansas Department of Correction**                          **RESPONDENT**


## RECOMMENDED DISPOSITION

### I.      Procedure for Filing Objections

The following recommended disposition has been sent to Chief United States

District Judge J. Leon Holmes.  Any party may file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of this Recommended Disposition.  A copy will be

furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   Background

On September 8, 2006, a Greene County, Arkansas jury convicted Petitioner Kenneth Ray Oden of one count of rape.  (docket entry #5-3 at p. 1)  The court sentenced petitioner to three-hundred-sixty months in the Arkansas Department of Correction ("ADC").  (#5-3 at p. 1-2)

Petitioner filed a timely appeal of the judgment with the Arkansas Court of Appeals claiming insufficient evidence to support a conviction.  (#5-4 at p. 2)  The Court of Appeals found there was sufficient evidence to support the conviction and affirmed the trial court.  *Oden v. State*, CACR 07-202 2007 WL 3088246 at *2-3 (Oct. 24, 2007). Petitioner did not request review from the Arkansas Supreme Court.

On December 12, 2007, Petitioner filed a timely petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure, claiming ineffective assistance of trial counsel.  (#5-7)  On January 11, 2008, the trial court denied Petitioner's Rule 37 petition, finding that Petitioner had not alleged that the results would have been different if counsel had acted differently.  (#2 at p. 11)

Petitioner appealed the trial court's denial of his Rule 37 petition to the Arkansas Supreme Court.  *Oden v. State*, CR 08-125, 2008 WL 963667 at *1 (April 10, 2008).  The

court dismissed Petitioner's case on a motion for extension of time to file his brief-in-chief.  *Id*.  The court held that Petitioner could not be successful on his appeal and the appeal must be dismissed because he had not filed a verified petition with the trial court as required by Rule 37.1(d).  *Id*.

Petitioner filed a motion for reconsideration with the Arkansas Supreme Court asking the court to reconsider its decision dismissing his appeal because the trial court had not denied his Rule 37 petition based on the lack of a verification statement.  *Oden v. State*, CR 08-125, 2008 WL 2133115 at *1 (May 22, 2008).  The Court denied the motion, finding that Petitioner had failed to meet his burden of demonstrating an error of fact or law with the earlier decision that warranted reconsideration.

On April 1, 2009, Petitioner filed the instant petition for writ of habeas corpus with this Court.  In the petition, Petitioner claims:  (1) ineffective assistance of trial counsel; (2) violation of due process with respect to jury instructions given at trial; (3) insufficient evidence to support the conviction; (4) ineffective assistance of appellate counsel; and (5) the trial court and Arkansas Supreme Court erred in dismissing the appeal of the trial court's order denying his post-conviction Rule 37 petition.

Respondent argues that all of Petitioner's claims are barred by the statute of limitations set out in 28 U.S.C. § 2244(d) and are procedurally barred.  For the reasons set forth below, the Court recommends that the District Court dismiss Petitioner's petition with prejudice.

III.    **The Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one year limitations period during which a state prisoner must commence a habeas corpus proceeding under 28 U.S.C. § 2254. The statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, Petitioner's judgment became final on November 14, 2007, when the Arkansas Court of Appeals issued its mandate. *Riddle v. Kemna*, 523 F.3d 850, 856 (8th Cir. 2008). Accordingly, Petitioner had until November 14, 2008, to file a petition for writ of habeas corpus. Petitioner did not file this habeas petition until April 1, 2009, more than four months later. Accordingly, Petitioner's claims are barred by the statute of limitations unless the statute of limitations can be tolled.

A.    *Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." A petition for Rule 37 post-conviction relief that is not verified as required by Rule 37 is not a "properly filed" petition "within the meaning of section 2244(d)(2)." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006).

As explained above, Petitioner filed a timely Rule 37 post-conviction petition on December 12, 2007.  The trial court denied the petition in an order filed January 11, 2008. The Arkansas Supreme Court dismissed Petitioner's appeal of the trial court's order denying him relief under Rule 37.

The Arkansas Supreme Court held that the petition could not be considered on its merits because the original Rule 37 petition filed with the trial court lacked a verification statement.  *Oden v. State*, CR 08-125 2008 WL 963667 at *1 (April 10, 2008).  Because the Arkansas Supreme Court found the unverified Rule 37 petition was invalid, "that is the end of the matter for purposes of statutory tolling under § 2244(d)(2)." *Id.* at 1032 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)).

Accordingly, Petitioner is not entitled to any additional statutory tolling during the time his Rule 37 petition was pending in the state courts.  See *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006); see also *Nelson v. Norris*, No. 4:06cv001014, 2008 WL 3200754 at *1-2 (E.D. Ark. 2008).

In his reply to the response, Petitioner claims that statutory tolling is warranted because the verification requirement is not a firmly established rule or a rule that is regularly applied and followed by Arkansas courts.  (#6 at p. 10)  Arkansas Rule of Criminal Procedure 37.1(d) requires dismissal of any petition that fails to comply with the verification requirements in section (c) of the Rule.  Ark. R.Crim. P. 37.1(d)   The Arkansas Supreme Court has held that the verification requirement for a motion for

5

post-conviction relief "is of substantive importance to prevent perjury." *Carey v. State*, 268 Ark. 332, 333 (1980).

In *Boyle*, the Arkansas Supreme Court extended its holding to apply to a petitioner who filed a petition that was signed by counsel, not by the petitioner, even though the trial court disposed of the petition on grounds other than lack of verification.  The court repeated that the verification requirement "is of substantive importance to prevent perjury," and "that, in order for that purpose to be served, the petitioner must execute the verification, and if the petitioner is represented by counsel, counsel may not sign and verify the petition for him."  According to the court, *Boyle* confirmed a position already announced by the court. *Ratchford v. State*, No. CR 05-317, 2006 WL 1032377 at * 1 (April 20, 2006) (unpublished per curiam ).  Accordingly the verification requirement in Rule 37.1 of the Arkansas Rules of Criminal Procedure is a firmly established rule that was regularly followed by Arkansas courts at the time Petitioner filed his petition.

Petitioner is not entitled to statutory tolling.  The statute of limitations for Petitioner to file a federal habeas petition expired on November 14, 2008, one year after the Arkansas Court of Appeals issued a mandate denying Petitioner relief on direct appeal of his conviction.  Accordingly, his claims are barred by the statute of limitations unless he is entitled to equitable tolling.

B.    *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling.  *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008).  A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Id.* (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Equitable tolling affords an "exceedingly narrow window of relief."  *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)).  The Eighth Circuit has held that pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period are inadequate grounds to warrant equitable tolling.  See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

In this case, Petitioner has not established that he has diligently pursued his claims.  The evidence in the record indicates that the Arkansas Supreme Court dismissed his appeal on April 10, 2008.  *Oden v. State*, CR 08-125, 2008 WL 963667 at *1 (April 10, 2008).  After the Arkansas Supreme Court dismissed his case, Petitioner still had seven months to file a timely habeas petition with this Court.  Petitioner did not file his petition, however, until April 1, 2009.

Further, Petitioner has not made a showing of an extraordinary circumstance standing in his way sufficient to toll the statute of limitations.  Petitioner claims the statute of limitations should be tolled because his "appointed counsel" told him he had

7

one year after post-conviction proceedings to file for habeas corpus relief.  (#6 at p. 10)
This statement by counsel, who was not Petitioner's post-conviction counsel but who was
appointed to represent Petitioner on direct appeal of his conviction, does not warrant
equitable tolling.  *Lawrence v. Florida*, 549 U.S. 327, 336-37, 127 S.Ct. 1079, 1085
(2007) (attorney miscalculation as to a limitations period is "not sufficient to warrant
equitable tolling, particularly in the postconviction context where prisoners have no
constitutional right to counsel"); *Walker*, 436 F.3d at 1032-33 (attorney's lack of
knowledge of verification requirement on state petition did not warrant equitable tolling);
*Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (attorney's statement that "no other
court would hear her case" did not warrant equitable tolling); *Kreutzer v. Bowersox*, 231
F.3d 460, 463 (8th Cir. 2000) (counsel's confusion about the applicable statute of
limitations did not warrant equitable tolling)).

## IV.    Conclusion

Petitioner's claims for habeas relief are barred by the applicable one-year
limitations period set out in 28 U.S.C. § 2244(d).  Accordingly, this Court recommends
that the District Court dismiss Kenneth Ray Oden's Petition for Writ of Habeas Corpus
(#2) with prejudice.

DATED this 15th day of March, 2010.

_____

UNITED STATES MAGISTRATE JUDGE